# IN THE COURT OF APPEALS OF IOWA

No. 20-0359
Filed September 22, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**WALTER MILLER, JR.,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Defendant appeals his convictions for possession of methamphetamine with intent to deliver, failure to affix a drug tax stamp, and assault while displaying a dangerous weapon. **AFFIRMED.**

Thomas Hurd of The Law Office of Thomas Hurd PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Walter Miller Jr. appeals his convictions for possession of methamphetamine, third or subsequent offense; failure to affix a drug tax stamp; and assault while displaying a dangerous weapon. We find the district court did not abuse its discretion in granting defense counsel's motion to withdraw. Also, the court properly granted Miller's request to waive his right to counsel and represent himself. We affirm Miller's convictions.

## I.        Background Facts & Proceedings

Miller was charged with possession of methamphetamine with intent to deliver, failure to affix a drug tax stamp, assault while displaying a dangerous weapon, and willful injury causing bodily injury. The State alleged Miller was a habitual offender. At Miller's request, the court appointed defense counsel. Miller demanded his right to a speedy trial, which meant the trial needed to be held by December 16, 2019. Jury trial was scheduled for December 2.

On November 19, defense counsel filed a motion to withdraw. The motion stated:

> 2. Further representation of Defendant would result in me violating the Iowa Rules of Professional Conduct and/or other laws. I cannot be specific without violating attorney-client privilege.
> 3. I have tried unsuccessfully to resolve the issue.
> 4. I am therefore required to withdraw from further representation of Defendant pursuant to Iowa Rule of Professional Conduct 32:1.16(a)(1).

A hearing on the motion to withdraw was held on November 26. Miller did not agree with the withdrawal, noting there was not much time before the scheduled trial date. He refused to waive his right to a speedy trial. The court stated, "Well, based on the colloquy that I have had with your attorney, I believe I

have no choice but to grant his application to withdraw." The court subsequently, however, reversed this ruling, stating it would reserve the issue.

The court indicated that it was willing to appoint another attorney to represent Miller. The following exchange occurred:

> The Court: Do you request the appointment of counsel?
> The Defendant: No.
> The Court: Is it your desire, then, to continue in this matter and represent yourself?
> The Defendant: Yes.

The court then conducted a colloquy with Miller to determine whether he knowingly, intelligently, and voluntarily waived his right to counsel. During the colloquy, Miller asked for standby counsel. When informed, however, that the trial might be continued to December 9 to permit standby counsel to become familiar with the case, Miller objected and stated he still wanted to go to trial on December 2. During the colloquy, the court repeatedly warned Miller of the perils of acting as his own attorney, including that Miller would be held to the same standard of an attorney with respect to trial procedure, cross examination, voir dire, and the rules of evidence. Miller remained insistent that he wanted to represent himself and was prepared to assume the responsibilities outlined by the court in the colloquy. The court continued the trial until December 9. On November 27, the district court granted defense counsel's motion to withdraw and appointed another attorney as standby counsel.[1]

Just prior to the commencement of the jury trial on December 9, the court conducted a second colloquy with Miller to ensure that he was making a knowing,

---

[1] During the colloquy, Miller advised the court he had previously represented himself at a jury trial with the assistance of standby counsel.

intelligent, and voluntary decision to represent himself.  During the colloquy, the court asked Miller:

> The Court: And what are your reasons for not wanting a court-appointed attorney, sir?
> The Defendant: I did want one.
> The Court: What's that?
> The Defendant: I did have one.  He just decided to get off my case right before trial, and I wasn't about to waive my speedy trial, so I had to take it on myself.  In so many words, I had a lawyer, an appointed attorney all the way up until it was time to go to trial and he withdrew the other day and he wanted me to waive my 90 days and I decided not to and that's why I'm representing myself.
> The Court: And you're making that decision to represent yourself—
> The Defendant: Yes, sir.
> The Court: —to avoid a delay in your trial; is that correct?
> The Defendant: Yes.

At the end of the colloquy, the court found Miller "still [made] a knowing, voluntary, and intelligent decision to represent [himself] in this matter."

The jury found Miller guilty of possession of methamphetamine, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2019); failure to affix a drug tax stamp, in violation of section 453B.12(2); and assault while displaying a dangerous weapon, in violation of section 708.2(3).  Miller stipulated that he was a habitual offender.  He was sentenced to a term of imprisonment not to exceed fifteen years on the possession charge, a term not to exceed fifteen years on the drug tax stamp charge, and a term not to exceed two years on the assault charge.  The court ordered the two fifteen-year sentences would run concurrently, while the two-year sentence would run consecutively to the other sentences.  Miller appeals his convictions.

## II. Withdrawal of Counsel

Miller contends the district court abused its discretion by allowing defense counsel to withdraw so close to the trial date. The court granted the motion on November 27, 2019, and the trial was scheduled for December 2. Miller claims the court should have done more to determine whether he could continue to be represented by defense counsel. He also claims the court abused its discretion by stating it "had no choice but to grant his application to withdraw."

We review a district court's ruling on defense counsel's motion to withdraw for an abuse of discretion. *State v. Christianson*, No. 98-1499, 1999 WL 1136640, at *1 (Iowa Ct. App. Dec. 13, 1999). "We find an abuse of discretion only when the party claiming such shows that the discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Vanover*, 559 N.W.2d 618, 627 (Iowa 1997).

We first note that during the hearing on November 26, 2019, the district court stated, "I believe I have no choice but to grant his application to withdraw." Later in the same hearing, the court stated it "reverse[d] the granting of the motion to withdraw and reserve[d] that issue." At the end of the hearing, defense counsel asked if the motion to withdraw had been granted. The court stated, "I'm going to grant it just as soon as we have standby counsel." The motion was granted the next day, on November 27, in a written ruling. We, therefore, reject Miller's assertion that the court abused its discretion by stating it had no choice but to grant defense counsel's motion to withdraw. That statement was not the ultimate ruling of the court. The court explicitly reversed its ruling stating that it had no choice and reserved the issue for further consideration.

In the motion to withdraw, defense counsel cited Iowa Rule of Professional Conduct 32:1.16(a)(1), which provides that "a lawyer shall not represent a client . . . if . . . the representation will result in violation of the Iowa Rules of Professional Conduct or other law." *See Iowa Sup. Ct. Att'y Disciplinary Bd. v. Springer*, 904 N.W.2d 589, 593 (Iowa 2017); *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Barnhill*, 847 N.W.2d 466, 485 (Iowa 2014).

At the hearing, defense counsel stated:

I filed a motion to withdraw under the rules of professional conduct. I'm in a situation for professional considerations where withdrawal is mandatory.
    I cannot be more specific without violating privilege, but I believe that continued representation of Mr. Miller through trial would result in my either violating a rule of professional conduct or another law. And I've attempted to resolve the situation unsuccessfully, and under the rules, like I said, I'm required to withdraw at this point.

Miller stated that he understood defense counsel's statement. When asked if he objected, Miller asked, "By being so close to trial, what am I supposed to do?" Miller did not ask for further clarification of defense counsel's reasons for the motion to withdraw. We question whether Miller has preserved error on his assertion that the court should have done more to determine whether he could continue to be represented by defense counsel. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Even if the issue was preserved, however, we find the court did not abuse its discretion by granting defense counsel's motion to withdraw. Defense counsel stated that continued representation of Miller would result in a violation of the Iowa

Rules of Professional Conduct. Under rule 32:1.16(1)(a) and the record before us, defense counsel could not continue to represent Miller.

### III. Waiver of the Right to Counsel

Miller contends the district court erred by finding Miller knowingly, intelligently, and voluntarily waived his right to counsel. He states that due to the short timeline between defense counsel's motion to withdraw and the scheduled trial date, he was forced to choose between waiving his right to a speedy trial or representing himself. In essence, he asserts that his decision to represent himself was not voluntary because the alternative would entail a delay in the trial.

Miller also points out two exchanges during the hearing on the motion to withdraw:

> The Court: Have you had adequate time to discuss with your attorney whether or not you will waive your right to be represented by an attorney?
> The Defendant: No, sir.
>  . . . .
> The Court: Have you discussed the trial strategy in this case with your attorney?
> The Defendant: No, sir.

Miller claims these statements show that he did not have enough information about the case to make a knowing, intelligent, and voluntary decision about waiving his right to counsel.

We review de novo the constitutional issues raised here regarding the waiver of the right to counsel. *See State v. Cooley*, 608 N.W.2d 9, 13 (Iowa 2000) (stating constitutional issues are reviewed de novo). There is a right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution. *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997).

The right to counsel may be waived if a defendant "knowingly, intelligently, voluntarily, and unequivocally waive[s] his right to counsel and state[s] his intentions to represent himself." *Id.*

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Cooley*, 608 N.W.2d at 15 (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948)).

At the hearing on November 26, the court offered to appoint new counsel for Miller and he refused. While Miller focuses on the fact that trial was scheduled for December 2, six days after the hearing, the speedy trial deadline was on December 16, almost three weeks later. Also, the trial was continued to December 9, thirteen days after the hearing.

In discussing the appointment of standby counsel, the court asked the prosecutor:

> The Court: Very well. Do you believe that the matter could be continued to a time within [Miller's] 90-day speedy trial demand and still allow standby counsel to be brought up to speed in this matter, in your opinion?
> Prosecutor: I could do it if I was still on the defense bar, when I was so many years ago. Yeah, I could walk into this case and be standby counsel. It'd just be an issue as to whether standby counsel was appointed to someone else that has a speedy trial demand on whatever date we're dealing with.

"The purpose of standby counsel is to aid the defendant if and when he requests help, and to be available to represent the defendant should he desire to terminate his self-representation." *State v. Johnson*, No. 06-1472, 2007 WL 4322062, at *4 (Iowa Ct. App. Dec. 12, 2007). Miller received the assistance of

standby counsel at the trial that commenced on December 9. Standby counsel stated he met with Miller and they spent a few days "going over everything" and discussing the case. Based on the statements of the prosecutor and standby counsel, we find Miller has not shown that he was forced to represent himself because appointed counsel could not have been prepared to represent him unless he waived his right to a speedy trial.

Concerning Miller's claim that he did not have enough information about the case to make a knowing, intelligent, and voluntary decision about waiving his right to counsel, we note that the court engaged in a thorough colloquy with Miller at the hearing on the motion to withdraw and then the court engaged in a second thorough colloquy with him immediately prior to the start of the jury trial. We find the court properly granted Miller's request to waive his right to counsel and represent himself. We affirm Miller's convictions.

**AFFIRMED.**